FILED
JUN 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEKSANDR SKURTU, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07 1134 |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

## TRANSFER ORDER

It appears that petitioner is detained at a correctional facility in Missouri pending his deportation to Moldova. The Court construes the pleading as a petition for a writ of habeas corpus.

*Habeas corpus* actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a *habeas corpus* action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Accordingly, the Court will transfer this matter to the district in which petitioner currently is detained. Resolution of petitioner's application to proceed *in forma pauperis* is left to the transferee court.

It is hereby

ORDERED that this action shall be TRANSFERRED to the United States District Court for the Eastern District of Missouri.

SO ORDERED.

Date: June 3, 2007

_____
United States District Judge